IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUSTAVO GONZALEZ, Individually and on Behalf of All Similarly Situated Individuals,<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:18-cv-0653 |
| GULF COAST PAVERS, INC.,<br>    Defendant. | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Gustavo Gonzalez and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendant, its subsidiaries and affiliated companies.

**Parties**

1. Plaintiff Gustavo Gonzalez ("Gonzalez"), a former employee of Defendant, was personally engaged in interstate commerce during his employment with the Defendant, and is represented by the undersigned.

2. Defendant Gulf Coast Pavers, Inc. ("GCP") is a Texas corporation and an "employer" as defined by the FLSA. With respect to Plaintiff, GCP is subject to the provisions of the FLSA. GCP was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Gulf Coast Pavers, Inc. may be served through its president, Matthew D. Airhart at 4692 Ingersoll Street, Houston, Texas 77027.

**Jurisdiction and Venue**

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.

**Factual Allegations**

5. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

6. During each of the three years prior to this complaint being filed, Defendant owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

7. At all times pertinent to this Complaint, Plaintiff was individually engaged in commerce and his work was essential to Defendant's business(es).

8. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Defendant's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is,

goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

10. Plaintiff Gustavo Gonzalez worked for Defendant as a laborer from August of 2016 until February 9, 2018. Gonzalez's duties included, but were not limited to, cutting and laying pavers and forklifting pavers from pallets.

11. During his tenure with the Defendant, Plaintiff regularly worked in excess of 40 hours per week.

12. Plaintiff is and was paid on a day-rate basis and was not paid an overtime premium for the hours that he worked over 40 hours per workweek.

13. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work.

## Plaintiff's Individual Allegations

14. Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 in each workweek.

15. Defendant failed to pay the Plaintiff the required overtime premium in many such workweeks that the Plaintiff was employed by Defendant, as the Plaintiff worked in excess of 40 hours in a number of weeks.

16. No exemption excuses the Defendant from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendant has not made a good faith effort to comply with the FLSA.

17. The Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

**Collective Action Allegations**

18. Other employees have been victimized by the Defendant's pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendant has been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendant makes a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pays all other similarly situated employees on the same basis as the Plaintiff, a day-rate.

19. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of work that the Plaintiff performed. Accordingly, the employees victimized by the Defendant's unlawful practices are similarly situated to Plaintiff in terms of their job duties.

20. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

21. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

22. No justification or exemption excused the Defendant from paying the Members of the Class for all work performed and time spent working, and the Defendant did not make a good

faith effort to comply with the FLSA. The Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

23. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

**All persons who worked as laborers for Defendant Gulf Coast Pavers, Inc. and who were paid a day-rate, during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

24. Defendant violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendant.

25. Plaintiff and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

26. Defendant is liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

27. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons who worked for Gulf Coast Pavers, Inc. as laborers and were paid on a day-rate basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF GUSTAVO GONZALEZ**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**
**GUSTAVO GONZALEZ**